IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONNA DURDEN, individually and
as Administrator of the Estate of
Darryle F. Durden, Deceased,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

Case No. 24-CV-02076-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is a Motion for Protective Order to Quash Plaintiff's Untimely Notice of Deposition (Doc. 28) filed by the Defendant United States of America. Having been fully informed of the issues presented, the Government's Motion for Protective Order is **GRANTED**.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Donna Durden brings this suit individually and as administrator of the estate of Darryle F. Durden, who died at a VA Community Living Center in St. Louis, Missouri after being treated at the Emergency Department and as an inpatient at St. Louis VA Medical Center. (Doc. 1). Plaintiff claims that the decedent developed a deep vein thrombosis ("DVT") while a patient at the VA hospital; a large embolus subsequently traveled to the decedent's heart, causing cardiac arrest and death. (*Id.*). She alleges that the VA hospital failed to diagnose and treat the DVT, conduct which fell below the standard of care and proximately caused the decedent's death. (*Id.*).

The initial Complaint was filed on August 29, 2024. (*Id.*). The United States filed an Answer on November 18, 2024. (Doc. 8). The operative Scheduling Order in this case was entered on December 10, 2024. (Doc. 14). This Court later permitted a five-month extension of the discovery deadlines and trial setting. (Docs. 17, 18, 19). The bench trial in this case is presumptively set for September 2026. (Doc. 21).

The United States filed the instant Motion on February 16, 2026. (Doc. 28). Plaintiff Durden responded in opposition on March 9, 2026. (Doc. 30).

## APPLICABLE LAW AND LEGAL STANDARDS

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* In addition to being relevant, the discovery sought must be proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019) (citing FED. R. CIV. P. 26(b)(1)).

## ANALYSIS

In their Motion, the Government argues that Plaintiffs have issued an untimely and overbroad Federal Rule of Civil Procedure 30(b)(6) deposition notice requesting:

> A person or persons to be designated by the Defendant to testify about the examinations, conditions, care, treatment, tests, diagnoses, and cause of death of the Decedent, Darryl (sic) Durden, while he was receiving care and treatment at the John Cochran VA Hospital, St. Louis, MO and the Jefferson Barracks VA Hospital, from on or about July 2, 2021, through and including July 14, 2021, the date of his death.

(*Id.*, p. 2 (citing *id.*, Ex. A)). The Government requests this Court to issue a protective order to quash Plaintiff's Notice of Deposition. First, they note that the current deadline to depose the Defendant was October 23, 2025; while Plaintiff sought an unopposed one-month extension of the expert deadlines in this case (which this Court granted, *see* Docs. 24–27), Plaintiff did not request the extension of any other deadlines. (Doc. 28, p. 2). The Government insists that because "[e]xpert discovery is well underway, and the parties have an upcoming deadline to initiate mediation," that "[r]equiring the United States to interrupt its preparation of expert discovery in order to comply with Plaintiffs' Rule 30(b)(6) notice – which requires preparing multiple witnesses on voluminous medical records – would be prejudicial, inefficient, and counterproductive." (*Id.*, p. 3). The Government argues that "Plaintiffs cannot show good cause for the belated Notice of Deposition" because they "had roughly a year to coordinate for Defendant's deposition prior to producing their expert's report and chose instead to focus on other areas of discovery" and that "Plaintiffs cannot seriously argue they need to reopen this area of fact discovery, as they have already issued their expert's report, and his deposition is scheduled for February 27, 2026." (*Id.*). They argue that the scope of the requested deposition is overbroad, onerous, prejudicial, and unduly burdensome in accordance with Rules 30(b)(6) and 26(b)(1). (*Id.*, p. 4).

In opposition, Plaintiff Durden insists that May 22, 2026 is the discovery deadline, meaning that her request is four months in advance of the deadline, (Doc. 30, p. 2). She argues that the proposed deposition "will in no way endanger the remaining deadlines or the current trial setting of September 28, 2026." (*Id.*). She insists that "[t]he deposition sought by Plaintiff will help clarify and eliminate issues and this case and may likely assist the parties and The Court in bringing the case to a just and timely resolution, while causing no prejudice to the Defendant." (*Id.*). She states that "[t]he purpose of discovery is to refine the case and to prepare it for trial based on a full understanding of the relevant facts." (*Id.* (citing *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343 (7th Cir. 2015))).

First, this Court notes that the original Scheduling Order issued on December 10, 2024 set the deadline for Defendant's deposition as May 23, 2025. (Doc. 14). Depositions of Plaintiff's expert witness were to be taken by June 23, 2025. (*Id.*). On May 19, 2025, the discovery deadline was pushed back to May 22, 2026. (Doc. 19). On November 24, 2025, the expert report disclosure deadline was pushed back to December 24, 2025 for the Plaintiff and April 10, 2026 for the Government. (Doc. 27). The Government is correct that Plaintiff did not request the extension of any other deadlines. (Doc. 28, p. 2). Plaintiff does not address this argument in her Response; she only states that four months remain in the discovery window. (Doc. 30, p. 2).

Regarding the Government's concerns about proportionality, Plaintiff does not cite any caselaw for her proposition that the proposed deposition "will help clarify and eliminate issues in this case" while not prejudicing the Government. (*Id.*). Moreover, Plaintiff does not address the fact that she missed this Court's deadline in accordance

with the operative Scheduling Order (Doc. 19) to depose Defendant's representative by over four months.

This Court "enjoys extremely broad discretion in controlling discovery," *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013), including to limit the scope of discovery and require a specific sequence, *Cloverleaf Golf Course, Inc. v. FMC Corp.*, No. 11-CV-190-DRH, 2011 WL 2838178, at *2 (S.D. Ill. July 15, 2011). *See Steward v. Honeywell Int'l, Inc.*, No. 3:18-CV-1124-SMY-MAB, 2019 WL 4954811 (S.D. Ill. July 9, 2019) (quoting and citing the same). First, this Court does not typically set separate "fact" and "expert" discovery deadlines. Other district courts have noted that "[i]t is often the case that after experts either prepare their reports or are in the process of doing so, they identify additional factual inquiries they would like to make. If there is a single discovery cutoff date, . . . the schedule can accommodate that situation." *Ruiz-Bueno v. Scott*, No. 2:12-CV-0809, 2014 WL 576400, at *4 (S.D. Ohio Feb. 12, 2014)

That being said, this Court is not moved by Plaintiff's insistence that there are still four months left in the discovery window and that the September 28, 2026 trial date is not in jeopardy. (Doc. 30, p. 2). Discovery is not a free-for-all where any scheduled event can take place at any time prior to the deadline. If that were the case, this Court would not issue Scheduling Orders (to which the parties have agreed) in order to streamline the process. Discovery was specifically sequenced in accordance with this Court's Case Management Procedures so that fact discovery (including the parties' depositions) would be completed one month *prior* to the first expert disclosure

deadline.[1] (Doc. 14, Ex. A). Common sense must be employed here; accepting the argument that "there is plenty of time before trial" would "essentially restructure[] the Federal Rules of Civil Procedure and make[] discovery deadlines set by the court irrelevant." *Finwall v. City of Chicago*, 239 F.R.D. 494, 501 (N.D. Ill.), *objections overruled*, 239 F.R.D. 504 (N.D. Ill. 2006). This, clearly, cannot be the case.

Moreover, even if it had been timely filed, Plaintiff's Notice of Deposition is overbroad and not proportional to the needs of this case, especially in light of the fact that Plaintiff's expert reports have already been prepared. (Doc. 28, p. 2). Plaintiff requests for Defendant to produce representatives to testify as to every aspect of the decedent's care during a two-week period, which likely encompasses dozens if not hundreds of discrete actions taken by multiple medical subspecialities and care teams. (Doc. 28, Ex. A). Put another way, it appears that Plaintiff's requested deposition is not based on a discrete factual question which arose during expert discovery. Instead, it aims to obtain information on the entirety of the decedent's care. As the Government notes, this will require a drastic shift in priorities for the Government to identify and prepare fact witnesses when expert discovery is already in process; to require such a restructuring of the discovery process after fifteen months of discovery would be prejudicial, inefficient, and counterproductive.

To that end, the Government's Motion for Protective Order shall be granted and the February 2, 2026 Notice of Deposition shall be quashed.

---

[1] Moreover, just because each individual deadline is not included in this Court's May 19, 2025 Order (Doc. 19) does not mean that the established framework originally created by the December 10, 2024 Scheduling Order (Doc. 14) ceases to exist. When this Court alters the discovery deadline, all associated subsidiary deadlines are also extended proportional to the final discovery and dispositive motions deadlines.

## Conclusion

For the reasons set forth above, the Government's Motion for Protective Order to Quash Plaintiff's Untimely Notice of Deposition (Doc. 28) is **GRANTED**. Plaintiff's February 2, 2026 Notice of Deposition(s) of Designee(s) Under Federal Rule of Civil Procedure 30(b)(6) is hereby **QUASHED**.

**IT IS SO ORDERED.**

**DATED:  March 24, 2026**

<u>s/ *Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**